Filed 6/5/15  P. v. Aikens CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E062402 |
| v. | (Super.Ct.No. RIF1203495) |
| CHAD ALEXANDER AIKENS, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Edward D. Webster, Judge.  (Retired Judge of the Riverside Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Paul J. Katz, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant Chad Alexander Aikens pled guilty to willful injury to a child (Pen. Code, § 273a, subd. (a)) and admitted to inflicting great bodily injury on a child under five years old (Pen. Code, § 12022.7, subd. (d)). In return, defendant was sentenced to a total term of seven years in state prison with credit of four days for time served. Defendant appeals from the judgment, challenging the sentence or other matters occurring after the plea, as well as the validity of the plea or admission. We find no error and affirm the judgment.

I

FACTUAL AND PROCEDURAL BACKGROUND[1]

In June 2012, while home alone with his crying five-month-old baby, defendant shook the baby out of frustration and threw the baby onto a bed. The baby stopped moving and defendant fled the scene. When the baby's mother (defendant's girlfriend) returned home, she called for medical assistance and the baby was taken to a hospital. A woman who lived at the residence reported that she had heard the baby crying for approximately 30 minutes and then all of a sudden the crying had stopped. The woman described the baby as breathing but lifeless.

The examining doctor discovered the baby had subdural hemorrhaging of different ages, as well as retinal hemorrhaging. The baby also had seizures and would likely have permanent brain damage. Defendant admitted to shaking his baby and also admitted to shaking the baby a week prior to the incident.

---

[1] The factual background is taken from the preliminary hearing transcript.

2

Following the preliminary hearing, on February 7, 2013, an information was filed charging defendant with one count of willful injury to a child (Pen. Code, § 273a, subd. (a)). The information also alleged that in the commission of the crime, defendant had inflicted great bodily injury on a child under the age of five (Pen. Code, § 12022.7, subd. (d)).

On July 18, 2014, defendant entered into a negotiated plea. Defendant pled guilty to the charge and admitted the great bodily injury enhancement on the condition that he would be sentenced to no more than seven years in state prison.[2] After directly examining defendant, the trial court found the plea was entered into freely and voluntarily and that there was a factual basis for his plea. Defendant was thereafter referred to the probation department for a presentence report.

On September 24, 2014, following argument, the trial court sentenced defendant to seven years in state prison as follows: the low term of two years for the substantive offense plus the middle term of five years for the great bodily injury enhancement. Defendant was awarded four days credit for actual time served and no conduct credit pursuant to Penal Code section 2933.1.

---

[2] At that time, defendant also pled guilty to misdemeanor battery upon a cohabitant in case No. BAM1200790.

On November 17, 2014, defendant filed a notice of appeal, challenging the appeal based on the sentence or other matters occurring after the plea, as well as the validity of the plea and admission. Defendant also requested a certificate of probable cause. Defendant's request for a certificate of probable cause was denied on November 18, 2014.

## II

## DISCUSSION

After defendant appealed, upon his request, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case, a summary of the facts and potential arguable issues, and requesting this court conduct an independent review of the record.

We offered defendant an opportunity to file a personal supplemental brief, and he has not done so.

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the entire record for potential error and find no arguable error that would result in a disposition more favorable to defendant.

III

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:


HOLLENHORST
J.


KING
J.